**Bruce Paul CATON, Appellant,**

v.

**Harold W. CLARKE, Appellee.**

**No. 95–1684.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1995.

Decided Nov. 17, 1995.

Rehearing Denied Dec. 18, 1995.

David R. Stickman and Mary H. Buckley, Omaha, NE, for appellant.

J. Kirk Brown, Lincoln, NE, for appellee.

Before BEAM, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Bruce Paul Caton appeals the denial of his second 28 U.S.C. § 2254 petition for abuse of the writ.[1] We affirm.

Caton's original petition for a writ of habeas corpus contained five claims, three of which were unexhausted. The magistrate who initially considered the petition informed Caton that his petition contained unexhausted claims, which might be barred from subsequent consideration if Caton proceeded with his petition. The magistrate offered to dismiss the entire petition without prejudice to enable Caton to exhaust his state court remedies and then return to federal court and receive full consideration of all his listed claims. Caton declined, despite the magistrate's repeated warnings and instead amended his petition to present only his exhausted claims. When the magistrate again warned Caton of the consequences of his course of action and requested clarification, Caton specifically stated that he understood that by proceeding he risked dismissal of any subsequent federal habeas petition attempting to resubmit the withdrawn claims.

The magistrate then considered the two claims properly before it and found that Caton had procedurally defaulted each in the state courts. Because Caton's unexcused default constituted independent and adequate state grounds for denial of relief, the magistrate recommended that the district court deny the petition. After de novo review, the district court denied the writ.

█ Later, after exhausting his state court remedies, Caton returned to federal court to reassert the withdrawn claims. The district court, after de novo review, agreed with the magistrate's recommendation that Caton's petition be denied for abuse of the writ. Caton attempts to argue that his petition is really successive rather than abusive, an argument which review of the decisions rendered in this case shows to be without merit. Even were it meritorious, the district court's dismissal would be appropriate as Caton's previous claims were determined to be procedurally barred. A determination of an unexcused state procedural bar is a final determination on the merits for purposes of 28 U.S.C. § 2244(b).

Caton's attempts, on appeal, to show cause and prejudice or actual innocence to excuse his abuse of the writ are too little too late, and are without merit. The district court did not abuse its discretion in dismissing the petition and we affirm its well-reasoned opinion. *See* 8th Cir.R. 47B.

---

1. Caton has moved to supplement the record on appeal. We grant that motion and have considered the materials submitted in making our decision.